LETTIE LOU WILLIAMS, ADMINISTRATRIX OF THE ESTATE OF WINFRED
SCOTT WILLIAMS v. LAWRENCE SPELL

No. 804SC708

(Filed 3 March 1981)

### Automobiles § 89.1– last clear chance – sufficiency of evidence

In an action to recover for the death of plaintiff's intestate who was struck by defendant's pickup truck, evidence was sufficient for the jury to find that deceased, as a result of his contributory negligence, placed himself in a position of helpless peril by walking on the roadway with the flow of traffic, that is, with his back to traffic, and the jury could find that defendant had the means and time to avoid the fatal accident but negligently failed to do so, given the degree of visibility, plaintiff's evidence indicating a lack of oncoming traffic, and defendant's concession that he could have moved either to the left or to the right had he seen deceased.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 25 February 1980 in Superior Court, SAMPSON County. Heard in the Court of Appeals 10 February 1981.

Plaintiff's intestate was struck and killed by a pickup truck driven by defendant at approximately 8:30 p.m. on the night of 30 June 1978. The evidence shows that defendant was traveling in the right-hand lane in a northerly direction and going about 40 m.p.h. The pavement was dry. The sky was getting dark so that defendant had his truck's headlights on. Nevertheless, visibility was good because the sky was clear and the road was straight for a considerable distance in both directions from the scene of the accident. Plaintiff's evidence indicates that defendant's pickup did not leave the right-hand lane prior to impact and that the left lane was clear of any oncoming traffic.

There is no direct evidence of the deceased's location prior to the accident. The evidence does show, however, that the deceased was found in the northbound lane after the accident, two feet from the shoulder, with his head pointing north. The pickup truck was dented on the right-hand side near the headlight. A large gouge mark was found in the pavement, and a red and white colored motor tiller with plow point affixed was found 27 feet north of the body and off to the side of the road. No paint marks were found on the truck. Plaintiff's evidence further showed that the deceased who lived *south* of the accident scene had borrowed the motor tiller earlier during the day from his

brother-in-law who lived *north* of the accident scene and had told his brother-in-law that he would return the motor tiller that day.

The parties stipulated that plaintiff's intestate died as a result of injuries received in the accident and as to the measure of damages. The trial judge submitted to the jury the issues of defendant's negligence, the deceased's contributory negligence and the issue of whether defendant had the "last clear chance to avoid the injury to plaintiff's intestate." The jury answered each issue in the affirmative, and the trial court rendered judgment against defendant in the amount of $15,000. From such judgment, defendant appeals.

*Warrick, Johnson & Parsons, by Dale P. Johnson, for plaintiff appellee.*

*Warren & Fowler, by Miles B. Fowler, for defendant appellant.*

HILL, Judge.

In his first assignment of error, defendant argues that the trial judge erred by submitting the issue of last clear chance to the jury.

Justice Lake, writing in *Exum v. Boyles*, 272 N.C. 567, 575, 158 S.E. 2d 845 (1968), points out that "the doctrine of the last clear chance is not a single rule, but is a series of different rules applicable to differing factual situations." Justice Lake goes on to point out that there is a great deal of confusion about the doctrine, stemming from a failure to observe that every case involves a different factual situation and, therefore, calls into play different rules comprising part of the doctrine. Each case must be considered on its own facts but in every case, in order

> to bring into play the doctrine of last clear chance, there must be proof that after the plaintiff [in this case plaintiff's deceased] had, by his own negligence, gotten into a position of helpless peril (or into a position of peril to which he was inadvertent), the defendant discovered the plaintiff's helpless peril (or inadvertence), or, being under a duty to do so, should have, and thereafter, the defendant, having the means and the time to avoid the injury, negligently failed to do so.

*Exum* at p. 576.

Defendant concedes the deceased was contributorily negligent and, in fact, contends in his brief that the trial court should have found "plaintiff's intestate guilty of contributory negligence as a matter of law." Defendant further concedes he was negligent in failing to see the deceased, plaintiff's intestate, but argues there is no evidence that his negligent failure was the proximate cause of the accident because there is absolutely no evidence of where deceased was just prior to the accident. Therefore, all we must decide is whether there was enough evidence for the jury to find that the deceased's contributory negligence placed him in a position of helpless peril, whether defendant should have discovered deceased's peril, and whether defendant had the means and time to avoid the injury but negligently failed to do so.

We find that the circumstantial evidence introduced at trial was sufficient for the jury to find that the deceased, as a result of his conceded contributory negligence, placed himself in a position of helpless peril by walking on the roadway with the flow of traffic, that is, with his back to traffic. Finally, the evidence is sufficient for a jury to find that defendant had the means and time to avoid the fatal accident but negligently failed to do so, given the degree of visibility, plaintiff's evidence indicating a lack of oncoming traffic and defendant's concession that he could have moved either to the left or right had he seen the deceased. The issue of last clear chance was properly submitted to the jury. Defendant's assignment of error is without merit and overruled.

Defendant further assigns as error the trial judge's failure to allow his motions for summary judgment, directed verdict and for judment notwithstanding the verdict. For reasons stated above, these assignments of error are without merit and overruled.

The judgment of the lower court is

Affirmed.

Judges HEDRICK and WEBB concur.