CAROLYN BENFIELD CARTER v. DEBORAH JEAN CYRUS POOLE

No. 8310SC80

(Filed 17 January 1984)

1. **Automobiles and Other Vehicles § 62.2— striking of pedestrian — negligence and contributory negligence — issues for jury**

    In an action to recover for injuries received by plaintiff when she was struck by defendant's automobile while crossing the road to return to her home after having gone to her mailbox, the forecast of evidence on motion for summary judgment was sufficient to permit a finding that defendant was negligent in failing to keep a proper lookout, failing to slow down and failing to sound her horn to warn plaintiff and was insufficient to show contributory negligence as a matter of law by plaintiff in failing to see defendant's approaching automobile; therefore, it was error to grant defendant's motion for summary judgment.

2. **Automobiles and Other Vehicles § 89.4— last clear chance — sufficiency of forecast of evidence**

    In an action to recover for injuries received by plaintiff when she was struck by defendant's automobile while crossing the road to return to her home after having gone to her mailbox, the forecast of evidence on motion for summary judgment was sufficient to permit a finding that, even if plaintiff was contributorily negligent, defendant had the last clear chance to avoid the accident where it tended to show that the accident occurred on a clear and sunny day; plaintiff had on a white uniform; defendant had a view of 1,200 to 1,500 feet before the collision; defendant did not slow down or blow her horn before the collision; and plaintiff was looking at her mail, oblivious to defendant's approach.

APPEAL by plaintiff from *Farmer, Judge.* Judgment entered 22 October 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 8 December 1983.

On 8 September 1978, plaintiff was struck by defendant's automobile on a rural paved road in Wake County. Plaintiff filed her complaint in this action on 26 August 1981 alleging actionable negligence on the part of defendant. Defendant's answer, filed 19 October 1981, denied plaintiff's allegations and pled contributory negligence. In her reply, plaintiff alleged that defendant had the last clear chance to avoid the collision.

Defendant filed a motion for summary judgment, which was granted on 22 October 1982. From this judgment, plaintiff appeals.

*Blanchard, Tucker, Twiggs, Denson & Earls, by Charles F. Blanchard and Irvin B. Tucker, Jr., for plaintiff-appellant.*

*LeBoeuf, Lamb, Leiby & MacRae, by I. Edward Johnson and Joseph E. Johnson, for defendant-appellee.*

EAGLES, Judge.

Plaintiff's sole assignment of error is that the trial judge erred in granting defendant's motion for summary judgment. Plaintiff contends that defendant failed to show that there was no genuine issue of material fact for trial. We agree.

Rule 56 of the North Carolina Rules of Civil Procedure provides for summary judgment when the moving party can show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party that moves for summary judgment has the burden of clearly establishing the lack of any triable issue of fact. *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980). In ruling on a motion for summary judgment, the trial court considers the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any. N.C. R. Civ. P. 56(c). The trial court must look at the record in the light most favorable to the non-moving party, and all inferences are resolved against the movant. *Flippin v. Jarrell*, 301 N.C. 108, 111, 270 S.E. 2d 482, 485 (1980). If the evidentiary materials filed by the parties indicate that there is a genuine issue of material fact, the motion for summary judgment must be denied. *Vassey v. Burch, supra.*

Summary judgment is rarely appropriate in a negligence action, because ordinarily it is the duty of the jury to apply the standard of care of a reasonably prudent person. *Bernick v. Jurden*, 306 N.C. 435, 293 S.E. 2d 405 (1982). Although issues of negligence and contributory negligence are rarely appropriate for summary judgment, where the uncontroverted evidence indicates that plaintiff failed to use ordinary care, that want of due care was at least one of the proximate causes of the injury, and that plaintiff was contributorily negligent as a matter of law, summary judgment may be proper. *Brooks v. Francis*, 57 N.C. App. 556, 291 S.E. 2d 889 (1982).

[1]  In considering defendant's motion for summary judgment, the trial court had before it the pleadings, plaintiff's deposition, and defendant's deposition. Plaintiff's pleadings and deposition tended to show: that the collision occurred at about 4:15 p.m. on a clear day on a rural section of an open highway; that the posted speed limit was 55 m.p.h.; that plaintiff could see 800 to 1,000 feet; that plaintiff had crossed the road to her mailbox, had gotten her mail, and had begun to cross the road again when she was struck by defendant's automobile; that defendant had adequate time, opportunity and distance to avoid the collision; and that as a result of the collision, plaintiff received numerous bodily injuries.

Defendant's pleadings and deposition tended to show: that defendant had a view of 1,200 to 1,500 feet before reaching the mailbox location; that it was a clear and sunny day; that plaintiff was wearing a white nurse's uniform; that defendant was traveling at a speed of 40 to 45 m.p.h.; that defendant saw plaintiff look both ways, cross the road to her mailbox, look at her mail, and step out into the road; that when plaintiff stepped into the road, plaintiff was one or two car lengths in front of defendant's automobile; that defendant did not put on her brakes until the moment of impact; that defendant swerved her car just before impact; that plaintiff was hit with the right front fender of defendant's car; that defendant did not blow her horn; and that plaintiff's failure to keep a proper lookout contributed to her injuries.

While these forecasts of evidence could lead a jury to find: (1) lack of negligence on the part of defendant, (2) contributory negligence on the part of plaintiff, or (3) that the last clear chance doctrine was not applicable to these facts, we hold that granting defendant's motion for summary judgment was improper. In order for summary judgment to be proper, the evidentiary materials must show that there can be no other evidence from which a jury could reach a different conclusion as to a material fact. *Goode v. Tait, Inc.*, 36 N.C. App. 268, 270, 243 S.E. 2d 404, 406, *rev. denied*, 295 N.C. 465, 246 S.E. 2d 215 (1978). When these pleadings and depositions are viewed in the light most favorable to plaintiff, there is evidence from which a jury could have found for plaintiff on all the dispositive issues.

A jury could have found that defendant was negligent in not keeping a proper lookout, not slowing down, and not sounding her horn to warn plaintiff, who was apparently oblivious to the approach of defendant's automobile. In *Williams v. Henderson*, 230 N.C. 707, 55 S.E. 2d 462 (1949), our Supreme Court reviewed the evidence in a case where a plaintiff's decedent was struck on the highway by a truck and concluded:

> As the road was straight he [defendant] saw or should have seen the deceased on the shoulder of the highway standing at the mailbox. . . . She [plaintiff's decedent] had her back to him and was apparently oblivious of his approach. Yet he did not slacken his speed or apply his brakes or sound his horn. These circumstances present a case for the jury.

*Id.* at 709, 55 S.E. 2d at 464. The similar circumstances in the present case likewise present a case for the jury on defendant's negligence.

Further, a jury could have found that plaintiff's failure to see defendant's approaching automobile was not a proximate cause of her injuries. In *Williams*, our Supreme Court said:

> Of course it was the duty of the deceased to look before she started back across the highway. Even so, under the circumstances here disclosed, her failure to do so may not be said to constitute contributory negligence as a matter of law. It is for the jury to say whether her neglect in this respect was one of the proximate causes of her injury.

*Id.* at 709, 55 S.E. 2d at 464. Contributory negligence is a jury question unless the evidence is so clear that no other conclusion is possible. *Cowan v. Laughridge Construction Co.*, 57 N.C. App. 321, 326, 291 S.E. 2d 287, 290 (1982). The evidentiary materials in the present case do not show contributory negligence as a matter of law.

[2] Finally, the projected evidence raises an issue as to whether the defendant had the last clear chance to avoid the collision. Since it was a clear and sunny day, the plaintiff had on a white uniform, the defendant had a view of 1,200 to 1,500 feet before the collision, the defendant did not slow down or blow her horn before the collision, and the plaintiff was looking at her mail,

oblivious to defendant's approach, there was sufficient evidence for a jury to find that, even if plaintiff was contributorily negligent, defendant had the last clear chance to avoid the collision.

For the foregoing reasons, summary judgment for defendant is

Reversed.

Judges HEDRICK and BRASWELL concur.