CLYDE WILLIAM WHITLEY, JR. v. LARRY MICHAEL OWENS

No. 8622SC1344

(Filed 16 June 1987)

**Automobiles and Other Vehicles § 83.2— garbage collector struck by a vehicle—
contributory negligence**

> The evidence was sufficient to support a jury finding that plaintiff gar-
> bage collector was contributorily negligent in failing to keep a proper lookout
> or to see what he ought to have seen when he was struck by defendant's van
> while walking alongside his truck to reenter the cab where it tended to show
> that the garbage truck was parked on the right side of the highway at an
> angle so that the rear left corner overhung the pavement approximately two
> feet; in the direction from which defendant's van approached, the road was
> straight and downhill to where the garbage truck was parked and plaintiff
> could see up the road for a quarter of a mile; and, at the time of his injury,
> plaintiff was not carrying or dumping garbage or engaged in other employ-
> ment duties which would divert his attention and confer upon him a status dif-
> ferent from an ordinary pedestrian on the roadway.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered
25 August 1986 in Superior Court, DAVIE County. Heard in the
Court of Appeals 2 June 1987.

*Hall & Vogler, by William E. Hall, for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter, for
defendant appellee.*

BECTON, Judge.

Clyde William Whitley, Jr., driver of a garbage truck,
brought this action seeking to recover damages for personal in-
juries he sustained when he was struck by a van driven by de-
fendant, Larry Michael Owens. At the time of the accident,
Whitley was walking alongside the garbage truck during a regu-
lar stop on his garbage pick-up route. In his Answer, Owens
denied that he was negligent and alleged that plaintiff's own
negligence contributed to the injuries. The case was tried before
a jury which found that both parties were negligent and thus
denied recovery to plaintiff. From judgment entered 25 August
1986 in accordance with the verdict, plaintiff appeals. We find no
error.

On appeal, plaintiff assigns as error the trial judge's (1) failure to give a limiting instruction after sustaining objections to opinion testimony of defendant's witness, Nadine Howell, (2) admission of hearsay testimony of defendant's wife as corroborative of defendant's testimony, and (3) denial of plaintiff's motions for directed verdict at the close of all the evidence, for judgment notwithstanding the verdict, and for a new trial on the issue of contributory negligence.

## I

The accident occurred on U.S. Highway 158 in Davie County at approximately 8:15 a.m. on 18 December 1984. The plaintiff's evidence tended to show the following facts. Whitley, and his co-worker, Kenneth Head, who rode in the passenger side of the garbage truck, stopped at a certain spot along their regular route heading in an easterly direction. They were unable to pull the truck completely off the road but parked on the right side at an angle so that the rear left corner overhung the pavement approximately two feet, and turned on the truck's hazard flashers.

The two men alighted, walked to the back of the truck, and emptied the trash cans which were a few feet away. They then looked for traffic, but neither remembered seeing a vehicle approaching although visibility was good and they could see approximately a quarter of a mile. Each began to walk from the back of the truck to his respective door (a distance of ten to twelve feet), Head along the passenger (right) side and Whitley along the driver's (left) side. Whitley was nearly abreast of the driver's door and about to reach for the handle when he looked back and became aware of Owens' vehicle coming toward the truck. He attempted to jump into the space between the bed and cab of the truck, but the van skidded into him, crushing him between the vehicles and seriously injuring his leg. The van continued travelling for a distance and then stopped.

The defendant's evidence tended to show the following. Owens turned onto Highway 158 in the middle of a curve approximately one-half to three-quarters of a mile from the accident site and headed in an easterly direction. He followed the road uphill and around the curve (approximately one-fourth of the total distance). From that point, the road was straight and downhill to where the garbage truck was parked.

Owens first saw the truck as he was about halfway down the hill and recognized it as a garbage truck, but he did not recall seeing any lights flashing and did not see anyone around the truck. He was "right on top" of the truck when he first saw Whitley coming from the front of the truck toward the back, walking out in the road. At that time, Owens' van was travelling between 45 and 50 m.p.h. Because of the angle at which the truck was parked, Owens could not see around the left side toward the front until he was right up to it. When he saw Whitley, he slammed on the brakes, the rear wheels locked, and the rear end of the van slid to the right, striking the garbage truck and its driver. Owens then pulled ahead a short distance to the fire station across the road and walked back to where the accident occurred.

## II

Whitley contends that the evidence of contributory negligence was insufficient to take that issue to the jury and that the trial court thus erred in denying his motions for directed verdict, for judgment notwithstanding the verdict, and for a new trial. We disagree.

On a motion for a directed verdict, the court must view the evidence in the light most favorable to the nonmovant, resolving all conflicts in his favor, and giving him the benefit of every inference that could reasonably be drawn from the evidence in his favor. *West v. Slick*, 313 N.C. 33, 326 S.E. 2d 601 (1985). The same standard of sufficiency of the evidence applies to a motion for judgment notwithstanding the verdict. *Northern National Life Insurance Co. v. Lacy J. Miller Machine Co.*, 311 N.C. 62, 316 S.E. 2d 256 (1984).

A pedestrian crossing the road at any point other than a marked crosswalk, or walking along or upon a highway, has a statutory duty to yield the right of way to all vehicles on the roadway. *See* N.C. Gen. Stat. Sec. 20-174 (1983); *Garman v. Thomas*, 241 N.C. 412, 85 S.E. 2d 589 (1955). Such a pedestrian also has a common law duty to exercise reasonable care for his own safety by keeping a proper lookout for approaching traffic before entering the road and while on the roadway. *See, e.g., Blake v. Mallard*, 262 N.C. 62, 136 S.E. 2d 214 (1964); *Rosser v. Smith*, 260 N.C. 647, 133 S.E. 2d 499 (1963); *Brooks v. Boucher*, 22

N.C. App. 676, 207 S.E. 2d 282, *cert. denied,* 286 N.C. 211, 209 S.E. 2d 319 (1974). Failure to yield the right of way to traffic pursuant to G.S. Sec. 20-174 does not constitute negligence *per se* but is some evidence of negligence. *E.g., Clark v. Bodycombe,* 289 N.C. 246, 221 S.E. 2d 506 (1976); *Blake; Troy v. Todd,* 68 N.C. App. 63, 313 S.E. 2d 896 (1984).

In *Kellogg v. Thomas,* 244 N.C. 722, 94 S.E. 2d 903 (1956), our Supreme Court outlined the standard of care applicable to highway workers whose duties of employment require their presence on a street or highway. Such a person working in an area marked by warning signs occupies a different status from an ordinary pedestrian crossing a street and is not required to keep a constant lookout for traffic while working. This fact must be considered in determining the degree of care he must exercise for his own safety and in deciding whether he is contributorily negligent. However,

> [t]he sound general rule that a workman laboring at his job on a highway is not required to exercise the same degree of care for his own safety required of an ordinary pedestrian does not apply where the worker is at a place where his work does not require him to be or is not actually engaged in work at the time of his injury which requires the diversion of his attention from approaching traffic. . . .

*Id.* at 729, 94 S.E. 2d at 909. Thus, an important factor is whether the worker's activity at the time of injury is one which leaves him free to take precautions for his own safety, and a worker merely engaged in crossing the street in his work may be expected to exercise the same degree of care for his own safety that is required of an ordinary person under the same circumstances. *Id.* In our view, the same principles apply to the case at bar since the duties of garbage collectors often require them to stand and walk upon or near streets and highways while working.

The uncontroverted evidence in this case shows that, at the time of his injury, Whitley was not engaged in carrying or dumping garbage or any other duties of employment which would divert his attention and thus confer upon him a different status from an ordinary pedestrian on the roadway. He was merely walking alongside the truck in order to reenter the cab and was free to keep a proper lookout and otherwise take precautions for

his own safety. Under these circumstances, Whitley was under a duty not only to look, but to *keep a lookout,* to see traffic that could be seen, and to yield the right of way. *See, e.g., Blake; Rosser; Garman; Brooks.*

Whitley contends, based upon N.C. Gen. Stat. Sec. 20-149 (1983), which requires a driver overtaking another vehicle proceeding in the same direction to pass at least two feet to the left thereof, that he was entitled to assume that the van would pass the garbage truck with at least a two-foot clearance. However, the existence of this statutory requirement does not resolve the issue of Whitley's contributory negligence. While a pedestrian (or motorist) has a right to assume that other motorists will use due care and obey the rules of the road, that right does not relieve him of the legal duty to maintain a proper lookout and otherwise exercise a reasonable degree of care for his own safety. *See Kellogg; Weavil v. C. W. Myers Trading Post, Inc.,* 245 N.C. 106, 95 S.E. 2d 533 (1956); *Cox v. Hennis Freight Lines, Inc.,* 236 N.C. 72, 72 S.E. 2d 25 (1952).

Whitley testified that he looked for traffic but did not see any approaching vehicles; that he then walked around the truck to the driver's door, a distance of ten to twelve feet, without looking back; and that only as he reached for the door did he see the van coming toward him. Owens' uncontroverted testimony established that the van's speed was 45 to 50 m.p.h. in a 55 m.p.h. zone. Evidence presented by both parties tended to show that the road was straight and that Whitley had a clear and unobstructed view in the direction of Owens' oncoming vehicle for at least a quarter of a mile. Nevertheless, by his own admission, Whitley never saw the van until it was too late.

We conclude that this evidence is sufficient to support a finding that Whitley failed to keep a timely lookout, or if he looked, that he failed to see what he ought to have seen. *See, e.g., Blake* (pedestrian struck by vehicle held contributorily negligent as matter of law because evidence showed she walked into path of vehicle at place where its lights were visible for a mile); *Rosser* (pedestrian held contributorily negligent as matter of law who walked into path of vehicle at point where road was straight and level with clear visibility for 500 to 600 feet); *Kellogg* (issue of contributory negligence properly submitted to jury when plaintiff

highway worker testified he looked both ways before entering highway but failed to see defendant's approaching vehicle until it was too late although his view in both directions was unobstructed); *Garman* (highway contractor's employee injured while placing flares along the highway who testified that he looked both ways before crossing road, and that he could see clearly 700 to 1000 feet in the direction from which defendant's truck came but did not see it until it was within five feet of him held contributorily negligent as a matter of law). However, there is some evidence that Whitley's view may have become obstructed after he rounded the truck due to the angle at which it was parked. Consequently, the question of whether Whitley exercised reasonable care for his own safety in view of his work and surrounding circumstances was properly presented to the jury.

A trial judge's discretionary decision to deny a new trial may be reversed on appeal only in those exceptional cases in which the record reveals a manifest abuse of discretion. *Worthington v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982). Having concluded that the evidence of contributory negligence was sufficient to withstand plaintiff's motions for directed verdict and judgment notwithstanding the verdict, we find no abuse of discretion by the trial court in denying the motion for a new trial.

## III

For the foregoing reasons, we hold that the trial court properly denied the plaintiff's motions for directed verdict, judgment notwithstanding the verdict, and new trial. We have also carefully reviewed plaintiff's two remaining assignments of error and conclude that they are without merit.

No error.

Judges MARTIN and COZORT concur.