DAVID LLOYD HOFECKER, Plaintiff v. JONATHAN COOPER CASPERSON, GARY JAY CASPERSON, Defendants

No. COA04-419

(Filed 1 February 2005)

## 1. Motor Vehicles— contributory negligence—auto-pedestrian collision

There was no material issue of fact as to whether plaintiff was contributorily negligent, and summary judgment was correctly granted for defendant on this issue, where plaintiff was struck by an automobile driven by defendant while walking on an unlit roadway at night, outside a crosswalk, with his back to traffic, while wearing dark overalls with a light shirt, and with an elevated alcohol level and detectable levels of drugs in his bloodstream.

## 2. Motor Vehicles— negligence—last clear chance—auto-pedestrian collision

Summary judgment for defendant on last clear chance was reversed in an auto accident case where it was clear that defendant did not have the time or the means to avoid plaintiff, a pedestrian, after discovering plaintiff's peril, but there was an issue as to whether defendant should have discovered plaintiff's peril earlier. It was unclear whether plaintiff had been walking in the roadway for some time prior to the accident, or staggered in front of defendant immediately prior to the accident.

Judge TYSON concurring in part and dissenting in part.

Appeal by plaintiff from order entered 10 November 2003 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 18 November 2004.

*Robert J. Harris for plaintiff-appellant.*

*Brown, Crump, Vanore & Tierney, L.L.P., by O. Craig Tierney, Jr., and W. John Cathcart, for defendants-appellees.*

TIMMONS-GOODSON, Judge.

David Lloyd Hofecker ("plaintiff") appeals the trial court order granting summary judgment in favor of Jonathan Cooper Casperson ("Jonathan") and Gary Jay Casperson ("Gary") (collectively, "defend-

ants"). For the reasons discussed herein, we affirm in part and reverse in part.

The facts and procedural history pertinent to the instant appeal are as follows: At approximately 6:56 p.m. on 1 November 2001, Jonathan was driving his vehicle at approximately forty miles per hour in the northbound lane of RP-1423 in Cary. At that time, plaintiff was walking home from work, in or to the right of the northbound lane of RP-1423. Plaintiff was walking with his back toward the traffic traveling north on RP-1423, and he was wearing his work uniform. The roadway was dark and unlighted, and medical records indicate that plaintiff had drugs as well as an elevated level of alcohol in his system. As Jonathan traveled along the roadway, he suddenly "caught a glimpse of" plaintiff in the northbound lane. According to Jonathan, plaintiff "came out of nowhere, walked directly into the path of my car and was wearing dark clothing." Jonathan's vehicle struck plaintiff in the northbound lane of RP-1423, and the impact threw plaintiff into the median lane of the roadway. As a result of the accident, plaintiff suffered injuries to his head, legs, and spleen.

On 26 February 2003, plaintiff filed a complaint against defendants, alleging that Jonathan's negligent operation of Gary's vehicle caused plaintiff's injuries. On 28 May 2003, defendants filed an answer denying plaintiff's allegations and raising the affirmative defense of contributory negligence. Defendants alleged that plaintiff "was wearing non-reflective clothing, . . . was in a public street that was not a marked crosswalk, . . . [and] failed to use reasonable care to avoid the accident[.]" On 24 September 2003, defendants filed a motion for summary judgment, alleging that no material fact or issue remained as to "the lack of negligence on the part of defendants and the existence of contributory negligence on the part of plaintiff." On 2 October 2003, plaintiff moved the trial court to deny defendants' motion for summary judgment, and on 13 October 2003, plaintiff filed a reply to defendants' answer. In his reply, plaintiff denied defendants' allegations of contributory negligence and asserted that Jonathan had the last clear chance to avoid the accident. On 10 November 2003, the trial court issued an order denying defendants' motion for summary judgment with regard to defendants' negligence, but granting defendants' motion for summary judgment with regard to plaintiff's contributory negligence. The trial court made the following findings in its order:

1) That there is a genuine issue of material fact as to the negligence of Defendant Jonath[a]n Casperson;

2) That there is no genuine issue as to any material fact as to Plaintiff David Lloyd Hofecker's contributory negligence and Defendants are entitled to judgment as a matter of law; and

3) That Plaintiff has failed to produce sufficient evidence to support a claim of last clear chance and there is no genuine issue of material fact as to the doctrine of last clear chance as set forth in Plaintiff's Reply filed on October 13, 2003.

Plaintiff appeals.

_____

The issue on appeal is whether the trial court erred by granting summary judgment in defendants' favor. Because we conclude that defendants were entitled to judgment as a matter of law with respect to plaintiff's contributory negligence but were not entitled to judgment as a matter of law with respect to whether Jonathan had the last clear chance to avoid the accident, we affirm the trial court's order in part and reverse it in part.

[1] Plaintiff first argues that the trial court erred by concluding that no genuine issue of material fact remained with respect to his contributory negligence. Plaintiff asserts that the evidence is inconclusive as to whether he was contributorily negligent with respect to the accident. We disagree.

"In ruling on a motion for summary judgment, the court does not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact." *Ragland v. Moore*, 299 N.C. 360, 363, 261 S.E.2d 666, 668 (1980). The movant must demonstrate "that there is no triable issue of fact and that he is entitled to judgment as a matter of law." *Id.* "In considering the motion, the trial judge holds the movant to a strict standard, and 'all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion.' " *Id.* (quoting *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975)). Summary judgment is rarely appropriate in a negligence case, "since the standard of reasonable care should ordinarily be applied by the jury under appropriate instructions from the court." *Ragland*, 299 N.C. at 363, 261 S.E.2d at 668.

In the instant case, the uncontroverted evidence demonstrates that plaintiff was traveling by foot across or in the northbound lane of a roadway, while Jonathan was driving a vehicle in the northbound lane of the same roadway. N.C. Gen. Stat. § 20-174 (2003) provides the following pertinent duties in such a situation:

(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.

. . . .

(d) Where sidewalks are provided, it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway. Where sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable, walk only on the extreme left of the roadway or its shoulder facing traffic which may approach from the opposite direction. Such pedestrian shall yield the right-of-way to approaching traffic.

(e) Notwithstanding the provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.

In light of this statute, this Court has held that "[a] pedestrian crossing the road at any point other than a marked crosswalk, or walking along or upon a highway, has a statutory duty to yield the right of way to all vehicles on the roadway." *Whitley v. Owens*, 86 N.C. App. 180, 182, 356 S.E.2d 815, 817 (1987). Furthermore, "[s]uch a pedestrian also has a common law duty to exercise reasonable care for his own safety by keeping a proper lookout for approaching traffic before entering the road and while on the roadway." *Id.* (citations omitted). However, "[f]ailure to yield the right of way to traffic pursuant to G.S. Sec. 20-174 does not constitute negligence *per se* but is some evidence of negligence." *Id.* at 183, 356 S.E.2d at 817 (citations omitted). Thus, "summary judgment may be properly entered against a plaintiff pedestrian only when 'all the evidence so clearly establishes his failure to yield the right of way as one of the proximate causes of his injuries that no other reasonable conclusion is possible.' " *Ragland*, 299 N.C. at 369, 261 S.E.2d at 671 (quoting *Blake v. Mallard*, 262 N.C. 62, 65, 136 S.E.2d 214, 216 (1964)).

In the instant case, while the evidence is inconclusive as to whether plaintiff was crossing RP-1423 or merely walking upon it when struck, the uncontroverted evidence indicates that plaintiff was walking in the northbound lane of RP-1423, outside of a crosswalk

with his back to approaching traffic. RP-1423 is an unlighted roadway with approximately eight feet of paved shoulder on both sides. On the night of the accident, plaintiff was wearing dark colored coveralls with a light shirt. Plaintiff had an elevated level of alcohol in his system, as well as detectable levels of benzodiazepines and opiates. Although plaintiff stated in his answers to interrogatories that he "looked to see if there was any traffic coming" down RP-1423, plaintiff stated in his deposition that he did not recall seeing Jonathan's headlights approaching, and when defendants' counsel suggested "you wouldn't have seen headlights because you were walking with the line of traffic, right, they were coming from behind you[,]" plaintiff answered in the affirmative. David A. Harmon, Jr. ("Harmon"), who owned a residence located on RP-1423, stated in a sworn affidavit that, prior to the accident, plaintiff "was walking up the side of the road [and then] staggered into [the] road and went on up the road staggering in the [e]xtra lane." Cary Police Department Officer J.D. Perdue ("Officer Perdue"), the law enforcement officer who investigated the accident, stated in his accident report that plaintiff "was walking in the roadway in the northbound lane" of RP-1423 when he was struck by Jonathan's vehicle. Jonathan stated in his answer to interrogatories that he "did not have a chance to avoid the collision as [] plaintiff came out of nowhere, walked directly into the path of my car and was wearing dark clothing." Jonathan stated that he applied his vehicle's breaks a split second before or immediately after he first saw plaintiff. In light of the foregoing evidence, we conclude that no material issue of fact remains regarding whether plaintiff was contributorily negligent. Thus, we overrule plaintiff's first argument.

[2] Plaintiff next argues that the trial court erred by concluding that no genuine issue of material fact remained regarding his claim that Jonathan had the last clear chance to avoid the accident. Plaintiff asserts that he presented sufficient evidence to withstand defendants' motion for summary judgment on this issue. We agree.

Our Supreme Court has held that "an injured pedestrian found to be contributorily negligent must establish four elements in order to invoke the doctrine of last clear chance against the driver of the motor vehicle which struck and injured him." *Watson v. White*, 309 N.C. 498, 504, 308 S.E.2d 268, 272 (1983). These elements are:

"(1) That the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) that the motorist knew, or by the exercise of

reasonable care could have discovered, the pedestrian's perilous position and his incapacity to escape from it before the endangered pedestrian suffered injury at his hands; (3) *that the motorist had the time and means to avoid injury* to the endangered pedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's perilous position and his incapacity to escape from it; and (4) *that the motorist negligently failed to use the available time and means to avoid injury* to the endangered pedestrian, and for that reason struck and injured him."

*Id.* (quoting *Clodfelter v. Carroll*, 261 N.C. 630, 634-35, 135 S.E.2d 636, 639 (1964)).

In *White*, the Court concluded that where, as here, a pedestrian plaintiff "never saw defendants' vehicle and therefore could not reasonably have been expected to act to avoid injury[,]" the first element of the last clear chance doctrine is satisfied. 309 N.C. at 505, 308 S.E.2d at 272. Furthermore, the Court noted that " 'a motorist upon the highway does owe a duty to all other persons using the highway, including its shoulders, to maintain a lookout in the direction in which the motorist is traveling.' " *Id.* at 505, 308 S.E.2d at 273 (quoting *Exum v. Boyles*, 272 N.C. 567, 576, 158 S.E.2d 845, 852 (1968)). Thus, where, as here, the defendant sees only a glimpse of the plaintiff prior to impact but does not sound his horn, apply his brakes, or take other evasive action to avoid the accident, "it is reasonable to conclude that [the] defendant owed a duty to the plaintiff to maintain a proper lookout; that [the] defendant was originally negligent in failing to keep a proper lookout; and that although not knowing of [the] plaintiff's peril, [the] defendant, by the exercise of reasonable care, could have discovered [the] plaintiff's perilous position." *White*, 309 N.C. at 505, 308 S.E.2d at 273. Therefore, we conclude that the evidence in the instant case satisfies the first two elements of the last clear chance doctrine. However, because we conclude that there is a genuine issue regarding whether the third and fourth elements of the last clear chance doctrine were satisfied, we reverse the trial court's order granting summary judgment in defendants' favor.

While it is clear that Jonathan had neither the time nor the means to avoid injuring plaintiff when he first discovered plaintiff's position of peril, the evidence is in dispute as to whether Jonathan should have discovered plaintiff's position of peril earlier. The doctrine of last clear chance "contemplates a last 'clear' chance, not a

last 'possible' chance to avoid the accident; it must have been such a chance as would have enabled a reasonably prudent man in like position to have acted effectively." *Battle v. Chavis*, 266 N.C. 778, 781, 147 S.E.2d 387, 390 (1966). As discussed above, although it is uncontroverted that the accident occurred at night and in the middle of the roadway, it is unclear from the record whether plaintiff was walking in the middle of the roadway for some time prior to the accident, or merely staggered in front of Jonathan's vehicle immediately prior to the accident. Although plaintiff stated in his answer to interrogatories that he was crossing the roadway when struck by Jonathan's vehicle, in his deposition, plaintiff stated that he did not recall whether he was walking on the side of the roadway or in the middle of the roadway prior to the accident, but did recall that traffic could pass "without hitting me[.]" Officer Perdue's accident report suggests that plaintiff was walking in the middle of the northbound lane of RP-1423, and, as discussed above, Harmon's affidavit indicates that plaintiff was walking in the median lane of RP-1423 sometime prior to the accident. There is no indication in the record that Jonathan's view of the roadway before him, or those objects or persons upon it, was obstructed. Thus, in light of the record in the instant case, including the evidence detailed above, we conclude that an unresolved issue of fact remains as to whether Jonathan should have discovered plaintiff's perilous position prior to the accident. Therefore, because determination of whether Jonathan had the last clear chance to avoid the accident is properly for the jury, we reverse the trial court's order granting summary judgment in favor of defendants with regard to that issue.

In light of the foregoing conclusions, we affirm in part and reverse in part the order of the trial court granting summary judgment in favor of defendants.

Affirmed in part; reversed in part.

Judge GEER concurs.

Judge TYSON concurs in part and dissents in part.

TYSON, Judge concurring in part and dissenting in part.

I concur with the majority's holding to affirm the trial court's Order on the issue of contributory negligence. I disagree with the majority's reversal of the trial court's Order on the issue of last clear

chance. Plaintiff failed to present sufficient evidence of each element of last clear chance. I respectfully dissent.

## I.  Last Clear Chance

Summary judgment on the issue of last clear chance is properly granted for the defendant if the plaintiff fails to forecast evidence to show:

> (1) That the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) that the motorist knew, or by the exercise of reasonable care could have discovered, the pedestrian's perilous position and his incapacity to escape from it before the endangered pedestrian suffered injury at his hands; (3) that the motorist had the time and means to avoid injury to the endangered pedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's perilous position and his incapacity to escape from it; and (4) that the motorist negligently failed to use the available time and means to avoid injury to the endangered pedestrian, and for that reason struck and injured him.

*Vancamp v. Burgner*, 328 N.C. 495, 498, 402 S.E.2d 375, 376-77 (1991) (citing *Clodfelter v. Carroll*, 261 N.C. 630, 634-35, 135 S.E.2d 636, 638-39 (1964) (quoting *Wade v. Jones Sausage Co.*, 239 N.C. 524, 525, 80 S.E.2d 150, 151 (1954))), *reh'g denied*, 329 N.C. 277, 407 S.E.2d 854 (1991).

"The doctrine of last clear chance imposes liability upon a defendant who did not actually know of the plaintiff's situation if, *but only if*, the defendant owed a duty to the plaintiff to maintain a lookout *and* would have discovered his situation had such a lookout been maintained." *Grogan v. Miller Brewing Co. Inc.*, 72 N.C. App. 620, 623, 325 S.E.2d 9, 11 (citing *Exum v. Boyles*, 272 N.C. 567, 575-76, 158 S.E.2d 845, 852 (1968); *Sink v. Sumrell*, 41 N.C. App. 242, 248, 254 S.E.2d 665, 670 (1979)) (emphasis supplied), *disc. rev. denied*, 313 N.C. 600, 330 S.E.2d 609 (1985). Further, "the doctrine contemplates a last 'clear' chance, not a last 'possible' chance, to avoid the injury; it must have been such as would have enabled a reasonably prudent man in like position to have acted effectively." *Culler v. Hamlett*, 148 N.C. App. 372, 379, 559 S.E.2d 195, 200 (2002) (citing *Grant v. Greene*, 11 N.C. App. 537, 541, 181 S.E.2d 770, 772 (1971); *accord, Battle v. Chavis*, 266 N.C. 778, 781, 147 S.E.2d 387, 390 (1966)).

HOFECKER v. CASPERSON

[168 N.C. App. 341 (2005)]

We all agree Jonathan, as the driver of the vehicle, owed plaintiff a duty to maintain a proper lookout to the roadway in front of him. *Exum,* 272 N.C. at 576, 158 S.E.2d at 852. Plaintiff failed to allege facts, present evidence, or forecast evidence to show Jonathan: (1) did not maintain a proper lookout; or that (2) Jonathan would have discovered plaintiff's perilous position had he maintained a proper lookout.

The accident occurred in the evening, on a dark and unlighted roadway. Plaintiff was walking with his back toward the traffic, wearing a dark non-reflective work uniform. Defendants admitted Jonathan "caught a glimpse of" plaintiff in the northbound lane and immediately applied his vehicle's brakes. Plaintiff failed to forecast any evidence to show that Jonathan: (1) was driving at a "greatly excessive rate of speed," *Trantham v. Estate of Sorrells,* 121 N.C. App. 611, 615, 468 S.E.2d 401, 404, *disc. rev. denied,* 343 N.C. 311, 471 S.E.2d 82 (1996); (2) "had a view of 1,200 to 1,500 feet [or any other significant distance] before the collision," *Carter v. Poole,* 66 N.C. App. 143, 146, 310 S.E.2d 617, 619, *disc. rev. denied,* 310 N.C. 624, 315 S.E.2d 689 (1984); (3) "could have moved either to the left or right had he seen" plaintiff and avoided the accident, *Williams v. Spell,* 51 N.C. App. 134, 136, 275 S.E.2d 282, 284 (1981); (4) was preoccupied or distracted prior to the accident; or (5) failed to abide by the rules of the road or traveled in the wrong lane of traffic.

Plaintiff's allegation that Jonathan had the last clear chance to avoid the accident rests solely on the fact that Jonathan's vehicle struck plaintiff while plaintiff was located somewhere in the roadway. This allegation, standing alone, without a forecast of evidence to show Jonathan failed to maintain a proper lookout or that he could have avoided the accident, is insufficient to withstand a motion for summary judgment.

Further, plaintiff could not recall his location in the road immediately prior to the accident. The majority states, "the uncontroverted evidence demonstrates that plaintiff was traveling by foot across or in the northbound lane of a roadway, while Jonathan was driving a vehicle in the northbound lane of the same roadway." Even if plaintiff was located in the roadway prior to the accident, this "fact" is not determinative of whether Jonathan should have discovered plaintiff.

Plaintiff failed to forecast any evidence to show Jonathan was speeding, not paying attention, failed to maintain a proper lookout, or would have reasonably discovered plaintiff's perilous position.

**IN RE B.M., M.M., An.M., & Al.M.**

[168 N.C. App. 350 (2005)]

Presuming plaintiff's location in the roadway, the majority's resolution of any discrepancies in plaintiff's favor regarding this "fact" is an insufficient basis to reverse the trial court's judgment on last clear chance.

## II.  Conclusion

I concur with the majority opinion's ruling to affirm the trial court's Order on contributory negligence. I would also affirm the trial court's Order granting summary judgment for defendants on the issue of last clear chance. I respectfully dissent.