JOHN DEWITT WOLFE, PLAINTIFF v. JOHN CARL BURKE, DEFENDANT

No. 9015SC226

(Filed 18 December 1990)

1. **Automobiles and Other Vehicles § 542 (NCI4th)— pedestrian crossing other than at crosswalk—failure of driver to keep proper lookout—sufficiency of evidence**

In an action to recover for injuries sustained by plaintiff pedestrian who was struck by defendant driver while crossing the roadway, the trial court erred in directing verdict for defendant on the ground that there was insufficient evidence that defendant was negligent and such negligence was a proximate cause of plaintiff's injury, since there was evidence the collision occurred on a straight strip of road; there were no obstructions for 60 to 70 yards from the top of the hill where

the road curved to the bottom of the straight strip of road; defendant did not see plaintiff prior to impact though his father, who was a passenger in his vehicle, saw plaintiff at impact; defendant's headlights were burning; plaintiff was wearing dark clothing; the evidence was conflicting regarding the point of impact, the amount of lighting at the scene, and defendant's speed; and there was thus sufficient evidence to reach the jury on the issue of whether defendant failed to keep a proper lookout and was negligent.

**Am Jur 2d, Automobiles and Highway Traffic §§ 286, 477-479.**

2. **Automobiles and Other Vehicles § 614 (NCI4th)— pedestrian crossing other than at crosswalk—failure to yield to vehicle— no contributory negligence as a matter of law**

Where the evidence tended to show that plaintiff pedestrian crossed at a place other than a crosswalk, then plaintiff had a duty to yield to defendant's vehicle under N.C.G.S. § 20-174(a), but failure to do so was not contributory negligence as a matter of law where the jury could infer that plaintiff failed to keep a proper lookout, but there was an unobstructed view of only 60 to 70 yards, and the evidence did not so clearly establish plaintiff's failure to yield the right of way as one of the proximate causes of his injuries that no other reasonable conclusion was possible.

**Am Jur 2d, Automobiles and Highway Traffic §§ 480, 481.**

APPEAL by plaintiff from judgment entered 26 October 1989 by *Judge F. Gordon Battle* in CHATHAM County Superior Court. Heard in the Court of Appeals 21 September 1990.

On 6 January 1987 at approximately 7:00 p.m., plaintiff, a pedestrian, was injured while crossing RP 1012 from west to east where he was hit by defendant's automobile traveling north. Plaintiff had been employed since 1984 by T & J Securities as a security guard at Townsend, Inc., which is located on both sides of RP 1012 near Pittsboro. In order to make his rounds, it was necessary for plaintiff to cross the road at least 30 times during his shift.

RP 1012 is a two lane road which is 20 feet wide at the place where plaintiff crossed. There is no marked crosswalk. Heading north, the road curves at the top of a hill and then, still curving,

**WOLFE v. BURKE**

[101 N.C. App. 181 (1990)]

slopes downward with no obstructions for 60 to 70 yards to the straight strip of road in front of Townsend. The speed limit is 55 m.p.h. but changes to 35 m.p.h. before reaching Townsend. The first of two 35 m.p.h. signs before reaching Townsend is located up the hill 210 to 260 feet from the bottom of the straight strip where plaintiff crosses. Another sign is located at the bottom of the hill, and debris from the accident was found 25 to 40 yards from this sign.

Plaintiff's witness John Cheek testified that he was walking on the east side of the road and saw plaintiff leave the guardhouse on the west side of the road in a dark colored uniform. Mr. Cheek testified that though there were company lights at Townsend, there was not "much light . . . to illuminate the highway." Mr. Cheek looked away, heard a "lick," and found plaintiff lying behind him.

Regarding lighting conditions, plaintiff testified that there were some company lights so that he was able to walk around to make his rounds without using his flashlight, which he used to check the thermometers. According to plaintiff, he was wearing a dark uniform; he was walking at his usual pace; he did not recall what happened before the collision; and he never saw defendant.

Trooper George Steil of the North Carolina Highway Patrol testified that defendant told him at the accident scene that he was going around 40 m.p.h. where the speed limit is 35 m.p.h. and he never saw plaintiff, and that he did not recall whether defendant mentioned an approaching southbound motor vehicle. Regarding lighting conditions, Trooper Steil testified that at the accident scene people were using flashlights, but he could not recall whether any lights were on. His accident report indicated it was dark but the street was lighted. He further stated that he determined the impact occurred near the shoulder of the northbound lane because of damage to the windshield and right front quarter of the car and glass located near the edge of the northbound lane.

Defendant's father, William Burke, who was riding in the front passenger seat of defendant's car, testified that defendant had his headlights on and was going 45 to 50 m.p.h. in the 55 m.p.h. zone but slowed to 30 to 35 m.p.h. in the 35 m.p.h. zone though he admitted he did not see the speedometer after leaving the 55 m.p.h. zone. Regarding the point of impact, Mr. Burke stated that he saw an oncoming southbound car and immediately before impact

WOLFE v. BURKE

[101 N.C. App. 181 (1990)]

saw plaintiff come from behind the car, hit defendant's left front fender, cross the windshield and fall off the car on the right front shoulder. Though he admitted the windshield was damaged and there was a dent in the left front fender, he denied that the right front quarter of the automobile was damaged.

Defendant testified that he was going 45 m.p.h. in the 55 m.p.h. zone but slowed to 30 to 35 in the 35 m.p.h. zone even though he admitted that he had told Trooper Steil at the accident scene that he was going 40 m.p.h. Regarding lighting conditions, he testified that he knew there were company lights at Townsend, that it was dark, but that he was able to see Mr. Cheek by natural light when he got to the bottom of the hill. According to defendant, right before the crash, he saw an oncoming southbound vehicle and a blur in the southbound lane but never saw plaintiff. Regarding the point of impact, defendant testified that after the collision his car was dented only on the left front bumper and not the right, and the bottom right half of his windshield was damaged. He further stated that he was familiar with the area and was aware that many people crossed the road at Townsend during the day and night.

Plaintiff filed this civil action to recover damages for personal injury resulting from the alleged negligence of the defendant. Defendant answered alleging that plaintiff's contributory negligence was a proximate cause of plaintiff's injury.

At the close of plaintiff's evidence and again at the close of all the evidence, defendant moved for a directed verdict. Both motions were denied, and the action was submitted to the jury. The jury failed to return a verdict and was discharged. Defendant renewed his motion for a directed verdict, and the trial court granted the motion.

From this judgment, plaintiff appeals.

*Hutchins, Tyndall, Doughton & Moore, by Laurie L. Hutchins, for plaintiff-appellant.*

*Walter L. Horton, Jr., for defendant-appellee.*

ORR, Judge.

The issue on appeal is whether the trial court erred in granting defendant's motion for directed verdict on the grounds that 1)

**WOLFE v. BURKE**

[101 N.C. App. 181 (1990)]

there was insufficient evidence regarding the issue of defendant's negligence which was a proximate cause of plaintiff's injury to go to the jury, and 2) the evidence disclosed that the plaintiff was contributorially negligent as a matter of law. For the reasons set forth below, we conclude that the trial court erred in granting defendant's motion for a directed verdict.

In determining a motion for a directed verdict pursuant to N.C. Gen. Stat. § 1A-1, Rule 50 (1990), the trial court must "consider all the evidence in the light most favorable to the nonmoving party. A directed verdict may be granted only if, as a matter of law, the evidence is insufficient to justify a verdict for the nonmovant." *Watkins v. Hellings*, 321 N.C. 78, 81, 361 S.E.2d 568, 570 (1987).

Plaintiff argues that the evidence was sufficient to go to the jury on the issues of defendant's and plaintiff's negligence. "[S]ince negligence usually involves issues of due care and reasonableness of actions under the circumstances, it is especially appropriate for determination by the jury." *Radford v. Norris*, 74 N.C. App. 87, 88-89, 327 S.E.2d 620, 621-22, *disc. review denied*, 314 N.C. 117, 332 S.E.2d 483 (1985).

In North Carolina, a pedestrian has "a common law duty to exercise reasonable care for his own safety by keeping a proper lookout for approaching traffic before entering the road and while on the roadway." *Whitley v. Owens*, 86 N.C. App. 180, 182, 356 S.E.2d 815, 817 (1987). Further, N.C. Gen. Stat. § 20-174(a) (1989) provides that a pedestrian "crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway."

In addition to a motorist's common law duty " 'to exercise due care to avoid colliding with' a pedestrian," *Gamble v. Sears*, 252 N.C. 706, 710, 114 S.E.2d 677, 679 (1960) (quoting *Landini v. Steelman*, 243 N.C. 146, 148, 90 S.E.2d 377, 379 (1955) ), N.C. Gen. Stat. § 20-174(e) (1989) provides that "[n]otwithstanding the provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary . . . ."

Under G.S. 20-174(e), a motorist has the duty . . . to operate his vehicle at a reasonable rate of speed, keep a lookout for persons on or near the highway, decrease his speed when

special hazards exist with respect to pedestrians, and give warning of his approach by sounding his horn if the circumstances warrant.

*State v. Fearing*, 48 N.C. App. 329, 336, 269 S.E.2d 245, 249, *cert. denied*, 301 N.C. 99, 273 S.E.2d 303, *disc. review denied*, 301 N.C. 403, 273 S.E.2d 448 (1980), *aff'd in part and new trial granted in part on other grounds*, 304 N.C. 471, 284 S.E.2d 487 (1981).

[1] In the instant case, there was evidence the collision occurred on the straight strip of road, and there were no obstructions for 60 to 70 yards from the top of the hill where the road curves to the bottom of the straight strip of road. Defendant did not see plaintiff prior to impact though his father saw plaintiff at impact. Further, the evidence tends to show that defendant's headlights were burning, and plaintiff was wearing dark clothing. The evidence was conflicting regarding the point of impact, the amount of lighting at the scene, and whether defendant was speeding. Thus, we conclude that there was sufficient evidence below to reach the jury on the issue of whether defendant failed to keep a proper lookout and was negligent.

[2] Regarding the issue of plaintiff's contributory negligence, the evidence shows that plaintiff was not crossing at a crosswalk and therefore had a duty to yield under § 20-174(a). However, our courts have held that the "failure to yield the right-of-way [as required under N.C. Gen. Stat. § 20-174(a)] is not contributory negligence *per se*, but rather that it is only evidence of negligence to be considered with other evidence in the case in determining whether the plaintiff is chargeable with negligence which proximately caused or contributed to his injury." *Dendy v. Watkins*, 288 N.C. 447, 456, 219 S.E.2d 214, 220 (1975).

Even though failing to yield the right-of-way to an automobile is not contributory negligence *per se*, it may be contributory negligence as a matter of law. *Meadows v. Lawrence*, 75 N.C. App. 86, 330 S.E.2d 47 (1985). "[T]he court will nonsuit . . . when all the evidence so clearly establishes his failure to yield the right of way as one of the proximate causes of his injuries that no other reasonable conclusion is possible." *Ragland v. Moore*, 299 N.C. 360, 364, 261 S.E.2d 666, 668 (1980) (quoting *Blake v. Mallard*, 262 N.C. 62, 65, 136 S.E.2d 214, 216 (1964)). "A rule which by definition requires contributory negligence to be so clear 'that no other reasonable inference may be drawn therefrom' will by its

**WOLFE v. BURKE**

[101 N.C. App. 181 (1990)]

nature be satisfied only infrequently and only in extreme circumstances." *Wagoner v. Butcher*, 6 N.C. App. 221, 231-32, 170 S.E.2d 151, 158 (1969). In *Meadows*, we stated that "[i]f the road is straight, visibility unobstructed, the weather clear, and the headlights of the vehicle in use, a plaintiff's failure to see and avoid defendant's vehicle will consistently be deemed contributory negligence as a matter of law." 75 N.C. App. at 89-90, 330 S.E.2d at 50.

Defendant cites *Anderson v. Carter*, 272 N.C. 426, 158 S.E.2d 607 (1968), and *Dendy*, where the Court found both plaintiffs contributorially negligent as a matter of law. In *Anderson*, the Court stated that plaintiff was not contributorially negligent as a matter of law in crossing where plaintiff saw defendant 275 to 300 feet away. However, once plaintiff realized defendant was traveling faster than he had previously thought, he continued to walk at the same pace into the path of the car and was contributorially negligent as a matter of law. In *Dendy*, the plaintiff walked diagonally across a six lane road and was hit by the defendant, who was traveling 30 m.p.h. in a 45 m.p.h. zone, and there was a half mile of unobstructed view. Defendant also cites *Price v. Miller*, 271 N.C. 690, 157 S.E.2d 347 (1967), where there was a half mile of visibility, and *Rosser v. Smith*, 260 N.C. 647, 133 S.E.2d 499 (1963), where there was 500 to 600 feet of visibility. In both cases where there was high visibility, the plaintiffs were found contributorially negligent as a matter of law. In *Meadows*, plaintiff was standing in defendant's lane when defendant pulled onto the highway from the parking lot 100 to 150 feet away, and the road was straight and the view unobstructed. Though right before impact, defendant was going 43 m.p.h. in a 55 m.p.h. zone, presumably, he was going very slowly at the time he pulled onto the highway. Further, between the time defendant pulled out and the collision, plaintiff took steps toward the center of the road.

Considering all the evidence in the light most favorable to plaintiff, a jury could infer that plaintiff failed to keep a proper lookout. However, from the top of the hill to the bottom of the straight strip of road in front of Townsend, the road continued to curve, and there was an unobstructed view of only 60 to 70 yards. Thus, under the circumstances, we cannot conclusively say that plaintiff was contributorially negligent as a matter of law.

For the reasons above, we conclude that the trial court erred in granting defendant's motion for a directed verdict.

New trial.

Judge GREENE concurs.

Judge DUNCAN concurred prior to 29 November 1990.