LAW OFFICES OF MARK C. KIRBY v. INDUSTRIAL CONTRACTORS, INC.

[130 N.C. App. 119 (1998)]

━━━━━━━━━━

THE LAW OFFICES OF MARK C. KIRBY, P.A., Plaintiff v. INDUSTRIAL CONTRACTORS, INC. AND BUDDY HARRINGTON, Defendants

No. COA97-1105

(Filed 7 July 1998)

### 1. Trials— motion to continue—previous appeal in parallel case

The trial court had jurisdiction to hear an action in which plaintiff professional corporation sought to collect from the individual defendant fees for services even though an appeal was pending in the case against the corporate defendant. The claim against this defendant is separate from the claim against the corporate defendant; in that case the question was whether the corporate defendant owed plaintiff money for services rendered, not whether the individual defendant promised to pay the debts of the corporate defendant, the issue in this case.

LAW OFFICES OF MARK C. KIRBY v. INDUSTRIAL CONTRACTORS, INC.

[130 N.C. App. 119 (1998)]

**2. Trials— directed verdict—party with burden of proof—credibility not manifest**

A directed verdict for the plaintiff in an action to collect fees for legal services was reversed where plaintiff contended that the testimony supported only one conclusion, but there was a contradiction in the testimony and the credibility of plaintiff's evidence was not manifest as a matter of law.

**3. Parties— necessary—assignor of claim**

An attorney who had assigned his interest in an outstanding account to plaintiff professional practice at the time of its incorporation was not a necessary party to an action to collect fees for services.

Appeal by defendant Buddy Harrington from order dated 14 February 1997 by Judge Robert B. Rader in Wake County District Court. Heard in the Court of Appeals 22 April 1998.

*Mark C. Kirby, for plaintiff appellee.*

*Chris Kremer, for defendant appellant Buddy Harrington.*

GREENE, Judge.

Buddy Harrington (defendant) appeals from the trial court's order and final judgment granting the directed verdict motion of The Law Offices of Mark C. Kirby, P.A. (plaintiff).

The facts are as follows: On 17 March 1995, the plaintiff filed a verified complaint against the defendant and Industrial Contractors, Inc. (ICI). The plaintiff sought relief for breach of contract, account stated, and *quantum meruit,* for an amount of $61,104.48 plus contract interest. In his answer, the defendant denied liability and alternatively asserted as a defense that any agreement to pay for the legal debts of ICI was not enforceable because it was not in writing. The plaintiff moved for summary judgment and the trial court granted the motion as to ICI and awarded a final judgment in the amount of $61,104.48 plus interest. This order was appealed by ICI to this Court which upheld the trial court in COA97-410, an unpublished opinion. As to the claims against the defendant, the trial court denied the summary judgment motion and the case proceeded to trial. A jury trial was held on 2 December 1996, but it ended in a mistrial.

A new trial was set for 10 February 1997. On 31 January 1997, the defendant moved to continue the trial until this Court had ruled on

COA97-410. The trial court denied that request for a continuance and the defendant's subsequent oral motion to continue at trial. The record indicates that the defendant moved to join Mark Kirby individually (Kirby) as a necessary party to the litigation; however, that motion was also denied by the trial court.

At trial, the plaintiff offered the testimony of two witnesses, Susan Worsely (Ms. Worsely), the plaintiff's paralegal, and Kirby, along with various exhibits. The evidence reveals that the defendant incorporated a new corporation known as ICI and that he was the sole stockholder and president of that corporation. Soon after its incorporation, ICI purchased the assets of another company and at that time the defendant informed Kirby that "I want you to be my lawyer." Kirby stated that he "knew [ICI] was a new company . . . and that [the defendant] had borrowed approximately $160,000 personally from United Carolina Bank and mortgaged his house to start [ICI]. And so my agreement with [the defendant] was as long as you agree that if the company can't pay me, you'll pay me, I'll work for you." Kirby further testified that the defendant "continually assured [him] that [he] would get paid if [he] just stayed on the job . . . ." Neither ICI nor the defendant paid the plaintiff for legal services rendered to ICI. Kirby met with the defendant after sending the defendant "demand letters" and the defendant "personally ensure[d]" Kirby that he would be paid as soon as the defendant could pay him. Kirby stated that the defendant had repeatedly told him that if ICI succeeded, he (the defendant) would succeed personally and if it did not, "[h]e wouldn't survive personally."

Ms. Worsely testified that the defendant had said several times that he knew "he owed . . . Kirby the money for the matters that [Kirby] had worked on and realized that there weren't many attorneys that would carry along and do as . . . Kirby did without the bills being paid."

The evidence further revealed that the plaintiff was not incorporated until 1994, thus some of the legal services rendered to ICI were performed by Kirby, individually, before he incorporated into the plaintiff. Kirby, however, testified without objection that at the time the plaintiff was incorporated he assigned all his receivables to the plaintiff.

The defendant cross-examined Kirby and Worsely, presented Kirby as an adverse witness, and introduced several exhibits. Both parties moved for a directed verdict at the close of the plaintiff's evi-

LAW OFFICES OF MARK C. KIRBY v. INDUSTRIAL CONTRACTORS, INC.

[130 N.C. App. 119 (1998)]

dence and both motions were denied. The defendant's basis for the directed verdict motion was that the alleged agreement was oral and thus not enforceable because of the statute of frauds. At the close of all the evidence the plaintiff renewed his motion for a directed verdict. In opposing the motion the defendant argued that a jury question was presented as to whether the defendant was "wearing his director's and shareholder's cap as an agent of ICI or . . . his own cap as an individual."

---

The issues are whether: (I) the defendant's motion for continuance should have been granted because of the previously filed appeal of ICI; (II) the directed verdict was error because the credibility of the plaintiff's witnesses is a jury question; and (III) Kirby was a necessary party united in interest with the plaintiff who must be joined in the action.

I

[1] The denial of a motion to continue will be upheld on appeal unless the trial court abused its discretion. *Melvin v. Mills-Melvin*, 126 N.C. App. 543, 545, 486 S.E.2d 84, 85 (1997). N.C. Gen. Stat. § 1-294 provides that, "[w]hen an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from." N.C.G.S. § 1-294 (1996).

The defendant argues that the trial court lacked jurisdiction to hear this case because his liability to the plaintiff is a "matter embraced within" the case against ICI from which a proper appeal was pending at the time this case was called for trial. We disagree.

The claim against the defendant is separate from the claim against ICI and the issue of the defendant's liability was not implicated in the prior case against ICI. In that case, the question was whether ICI owed the plaintiff money for services rendered; not whether the defendant promised to pay for the debts of ICI, the issue in this case.

The record does not indicate that the defendant made any attempt to object when the plaintiff offered evidence of the summary judgment against ICI and the pending appeal. Therefore, because the issue was not properly preserved, *see* N.C.R. App. P. 10(b)(1), we

LAW OFFICES OF MARK C. KIRBY v. INDUSTRIAL CONTRACTORS, INC.

[130 N.C. App. 119 (1998)]

reject the defendant's additional argument that the matter should not have been presented into evidence.

## II

[2] A directed verdict is appropriately granted for the party with the burden of proof if " 'the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn' " and "if the credibility of the movant's evidence is manifest as a matter of law." *Lassiter v. English*, 126 N.C. App. 489, 493, 485 S.E.2d 840, 842-43 (quoting *Bank v. Burnette*, 297 N.C. 524, 536, 256 S.E.2d 388, 395 (1979)), *disc. review denied*, 347 N.C. 137, 492 S.E.2d 22 (1997). All of the evidence must be considered in the light most favorable to the non-moving party. *Post & Front Properties v. Roanoke Construction Co.*, 117 N.C. App. 93, 96, 449 S.E.2d 765, 767 (1994).

The evidence in each case determines whether credibility is manifest as a matter of law. *Bank*, 297 N.C. at 537, 256 S.E.2d at 396. Although "instances where credibility is manifest" are uncommon and "courts should exercise restraint in removing the issue of credibility from the jury," it is manifest as a matter of law in three different situations: (1) where the non-movant establishes the movant's case

by admitting the truth of the basic facts upon which the claim of the [moving party] rests . . . ; (2) [w]here the controlling evidence is documentary and [the] non-movant does not deny the authenticity or correctness of the documents . . . ; [and] (3) [w]here there are only latent doubts as to the credibility of oral testimony and the opposing party "has failed to point to specific areas of impeachment and contradictions."

*Id.* at 536-37, 256 S.E.2d at 396 (quoting *Kidd v. Early*, 289 N.C. 343, 370, 222 S.E.2d 392, 410 (1976)).

In this case, the defendant does not admit that he made promises to pay the debt of ICI to the plaintiff nor does the documentary evidence reveal that the defendant promised to pay the debt of ICI. The plaintiff contends, however, that the defendant has not noted any contradictions in the testimony and that the testimony supports only one conclusion: that the defendant promised to pay the legal debt of ICI. We disagree. The evidence in the record could lead to two different conclusions: (1) that the defendant promised to pay the legal debts of ICI, or (2) that the defendant, acting as the agent for ICI,

promised to pay the legal debts of ICI. Thus, there is a contradiction in the testimony and the credibility of the plaintiff's evidence is not manifest as a matter of law. The directed verdict for the plaintiff must therefore be reversed and this matter remanded to the trial court for a new trial.

[3] "Necessary parties must be jointed in an action." *Booker v. Everhart*, 294 N.C. 146, 156, 240 S.E.2d 360, 365 (1978). "A person is a necessary party to an action when he is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence as a party." *Id.* at 156, 240 S.E.2d at 365-66. The absence of a necessary party, however, "does not merit a non-suit," and the court should order a continuance in order to bring the party into the action. *Id.* at 158, 240 S.E.2d at 367.

The defendant argues that Kirby, because he rendered legal services to ICI, is a necessary party to this action and that the trial court erred in denying his request that Kirby be joined as a party plaintiff. We disagree. The undisputed evidence in this record is that Kirby assigned his interest in the outstanding account with ICI to the plaintiff at the time of its incorporation. An assignor of a claim, including an account receivable, is not a necessary party. *Id.* at 156, 240 S.E.2d at 366. The trial court thus did not err in failing to include Kirby as a party plaintiff.

We do not address the defendant's argument that there exists a jury question with respect to the statute of frauds. That is an issue that may not arise on remand.

Reversed and remanded.

Judges LEWIS and HORTON concur.