BARBARA ANN CULLER, Plaintiff v. STACEY POTEAT HAMLETT, HOUSTON GWYNN HAMLETT, JR., and ANTHONY DALE GREEN, Defendants

No. COA00-1110

(Filed 5 February 2002)

## 1. Motor Vehicles— contributory negligence—pedestrian injured crossing road—directed verdict

The trial court did not err in an action arising out of an automobile accident by directing verdict in favor of defendants based on plaintiff injured pedestrian's contributory negligence as a matter of law while she was crossing the road at night, because: (1) the record is replete with mostly uncontradicted evidence of plaintiff's own contributory negligence; and (2) if plaintiff's own negligence is one proximate cause of her own injury, she is precluded from recovery irrespective of the acts of others.

## 2. Motor Vehicles— last clear chance—pedestrian injured crossing road—directed verdict

The trial court did not err in an action arising out of an automobile accident by directing verdict in favor of defendants even though plaintiff injured pedestrian presented evidence on the doctrine of last clear chance, because: (1) plaintiff's evidence failed to establish that she was either in helpless or inadvertent peril; (2) in spite of plaintiff's knowledge that defendants' vehicle was steadily approaching, plaintiff chose to ignore the dangers from which she had the power to extricate herself; and (3) while defendants may have had the last possible chance to avoid the injury, defendant driver had neither the time nor the means to have the last clear chance to entitle the submission of the question to the jury.

Appeal by plaintiff-appellant from a judgment entered 8 March 2000 by Judge David Q. LaBarre in Caswell County Superior Court. Heard in the Court of Appeals 28 September 2001.

CULLER v. HAMLETT

[148 N.C. App. 372 (2002)]

*George B. Daniel, P.A., by John M. Thomas, for plaintiff-appellant.*

*Burton & Sue, L.L.P., by Walter K. Burton, for defendants-appellee Hamlett.*

*Teague, Rotenstrich and Stanaland, L.L.P. by Stephen G. Teague, for defendant-appellee Green.*

BIGGS, Judge.

Plaintiff appeals the trial court's order granting directed verdict in favor of defendants, Stacy and Houston Hamlett, in an action for personal injuries. In addition to the Hamletts, plaintiff sued a third defendant, Anthony Dale Green. The trial against defendant, Green, was severed from the trial against the Hamletts and reported in a separate opinion. For the reasons herein, we affirm the trial court's grant of directed verdict in favor of the Hamletts.

The evidence at trial tended to show the following: On 30 June 1993, at approximately 3:00 a.m., plaintiff left work in Greensboro, North Carolina and started driving home to Providence, North Carolina. Plaintiff described the traveling conditions as slightly foggy and dark. She was driving a 1984 Ford Escort that she planned to purchase from a relative of co-defendant, Anthony Green. Plaintiff explained that she had not had any past mechanical problems with the vehicle; however, while driving easterly on the highway, plaintiff began to experience problems when the vehicle's stick shift kept "popping out of gear". After crossing Highway 86 onto Park Springs Road, the vehicle became disabled forcing her to stop on the side of the two-lane road.

Shortly thereafter, plaintiff saw a vehicle approaching from the opposite direction and recognized the vehicle as belonging to Anthony Green. Green, who was traveling westerly on the highway, slowed down, pulled his vehicle onto the shoulder of the roadway and parked it partially on the roadway in the lane opposite of plaintiff's disabled vehicle. Plaintiff emerged from her car and walked across the roadway to Green's car, while he remained seated with the driver's door open and his engine running.

While engaged in conversation with Green, plaintiff saw the headlights of defendants' vehicle from approximately "300 yards away". The defendants, like Green, were traveling in a westerly direction on

the roadway; Stacey Hamlett was driving. After telling Green that a car was approaching, plaintiff then turned away and began to walk back across the roadway towards her vehicle. Defendants' vehicle collided first with Green's vehicle, then struck and injured plaintiff, before colliding with plaintiff's vehicle. Plaintiff sustained a fractured left femur which required surgery.

Plaintiff filed an action on 30 October 1998, against defendants and Green for the injuries she suffered when she was struck while crossing the roadway. More specifically, plaintiff alleges that defendant, Stacey Hamlett, was negligent in the operation of her vehicle. Defendants filed a reply denying any negligence and alleged contributory negligence of plaintiff. Plaintiff then filed a reply alleging last clear chance. The trial involving defendants was conducted before a jury.

On 8 March 2000, after plaintiff rested her case, the trial court entered an order granting a directed verdict in favor of defendants, finding that the plaintiff was contributorily negligent as a matter of law and further finding the doctrine of last clear chance inapplicable. From the entry of the directed verdict and dismissal of her action, plaintiff gave notice of appeal to this Court.

The sole issue for appellate review is whether the trial court erred in directing a verdict in favor of defendants.

Our standard of review on the grant of a motion for directed verdict is "whether, upon examination of all the evidence in the light most favorable to the nonmoving party [with this] party be[ing] given the benefit of every reasonable inference drawn therefrom, the evidence is sufficient to be submitted to the jury." *Fulk v. Piedmont Music Center*, 138 N.C. App. 425, 429, 531 S.E.2d 476, 479 (2000) (citing *Abels v. Renfro Corp.*, 335 N.C. 209, 214-15, 436 S.E.2d 822, 825 (1993)). A directed verdict should be granted in favor of the moving party only where " 'the evidence so clearly establishes that fact in issue that no reasonable inferences to the contrary can be drawn,' and 'if the credibility of the movant's evidence is manifest as a matter of law.' " *Law Offices of Mark C. Kirby, P.A. v. Industrial Contractors, Inc. and Buddy Harrington*, 130 N.C. App. 119, 123, 501 S.E.2d 710, 713 (1998) (quoting *Lassiter v. English*, 126 N.C. App. 489, 493, 485 S.E.2d 840, 842-43, *disc. review denied*, 347 N.C. 137, 492 S.E.2d 22 (1997)) (citation omitted).

CULLER v. HAMLETT

[148 N.C. App. 372 (2002)]

I.

**[1]** Plaintiff first assigns error to the trial court's grant of defendants' motion for directed verdict contending that defendant did not establish plaintiff's contributory negligence as a matter of law. We disagree.

In *Wolfe v. Burke*, 101 N.C. App. 181, 185, 398 S.E.2d 913, 915 (1990), this Court outlined the common law and statutory duty of a pedestrian in crossing a road:

> In North Carolina, a pedestrian has 'a common law duty to exercise reasonable care for his own safety by keeping a proper lookout for approaching traffic before entering the road and while on the roadway'. Further, N.C. Gen. Stat. § 20-174(a) (1989) provides that a pedestrian 'crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.' (internal citations omitted).

*Wolfe*, 101 N.C. App. at 185, 398 S.E.2d at 915.

This Court noted in *Wolfe* that a plaintiff's failure to yield a right-of-way in violation of N.C.G.S. § 20-174(a) is not contributory negligence *per se*, but that such failure is " 'evidence of negligence to be considered with other evidence in the case in determining whether the plaintiff is chargeable with negligence which proximately caused or contributed to his injury.' " *Wolfe* at 186, 398 S.E.2d at 916 (quoting *Dendy v. Watkins*, 288 N.C. 447, 456, 219 S.E.2d 214, 220 (1975)). "Even though failing to yield the right-of-way to an automobile is not contributory negligence *per se*, it may be contributory negligence as a matter of law." *Id.* at 186, 398 S.E.2d at 916 (citing *Meadows v. Lawrence*, 75 N.C. App. 86, 330 S.E.2d 47 (1985), *aff'd*, 315 N.C. 383, 337 S.E.2d 851 (1986)). The trial court must direct a verdict for the defendants "when all the evidence so clearly establishes [plaintiff's] failure to yield the right of way as one of the proximate causes of his injuries that no other reasonable conclusion is possible." *Ragland v. Moore*, 299 N.C. 360, 364, 261 S.E.2d 666, 668 (1980) (quoting *Blake v. Mallard*, 262 N.C. 62, 65, 136 S.E.2d 214, 216 (1964)); *see also, e.g. Brooks v. Francis*, 57 N.C. App. 556, 291 S.E.2d 889 (1982) (judgment as a matter of law proper where uncontroverted evidence shows that plaintiff's failure to use due care was at least one proximate cause of plaintiff's injuries).

CULLER v. HAMLETT

[148 N.C. App. 372 (2002)]

In *Meadows v. Lawrence*, 75 N.C. App. at 90, 330 S.E.2d at 50, this Court held that the plaintiff was contributorily negligent as a matter of law where the evidence showed that the plaintiff's negligence in crossing a highway was at least one proximate cause of the accident. 75 N.C. App. at 90, 330 S.E.2d at 50. In that case, the evidence in the light most favorable to the plaintiff revealed the following: that plaintiff was standing in the defendant's highway lane of travel; that the defendant, with his vehicle headlights burning, turned onto the highway at a distance at least 100 feet from the plaintiff; and that the road was straight and visibility unobstructed. *Id.*

This Court in *Meadows* found significant that "between the time [defendants'] car turned onto the highway and the time of the collision, [plaintiff] took one or two steps towards the center of the road." *Id.* Noting that it was the "plaintiff's duty to look for approaching traffic before she attempted to cross the highway, this Court stated:

> The courts of this State have, on numerous occasions, applied the foregoing standard of due care when the plaintiff was struck by a vehicle while crossing a road at night outside a crosswalk. If the road is straight, visibility unobstructed, the weather clear, and the headlights of the vehicle in use, a plaintiff's failure to see and avoid defendant's vehicle will consistently be deemed contributory negligence as a matter of law.

*Id.* at 89-90, 330 S.E.2d at 50.

In *Price v. Miller*, 271 N.C. 690, 696, 157 S.E.2d 347, 351-52 (1967), our Supreme Court held that the plaintiff's intestate was contributorily negligent as a matter of law where the evidence showed that the decedent was crossing the road at night and without the benefit of a crosswalk. The defendant's vehicle was approaching the decedent at a rate of 60 miles per hour in a 55 mile per hour zone, on a straight stretch of road, and with the vehicle headlights shining. *Price*, 271 N.C. at 696, 157 S.E.2d at 350. In holding that any liability for defendant's negligence was precluded by the plaintiff's own negligence, our Supreme Court stated in *Price*:

> If defendant were negligent in not seeing plaintiff's intestate, who was dressed in dark clothes, in whatever length of time he might have been in the vision of her headlights, then plaintiff's intestate must certainly have been negligent in not seeing defendant's vehicle as it approached, with lights burning, along the straight and unobstructed highway. We must conclude that plaintiff's intestate

saw defendant's automobile approaching and decided to take a chance of getting across the road ahead of it, or in the alternative, that he not only failed to yield the right of way to defendant's automobile, but by complete inattention started across the highway without looking. In any event . . . plaintiff's intestate's negligence was at least a proximate cause of his death.

*Price*, 271 N.C. at 696, 157 S.E.2d at 351-52.

In the case *sub judice*, we hold that the evidence establishes that plaintiff's own negligence was *at least one* proximate cause of her injuries. The plaintiff's own testimony reveals the following: while talking with defendant Green, plaintiff saw headlights from defendant Hamletts' car approaching from approximately 300 yards away; that even though she knew she was in an unsafe position standing in the roadway, she walked back across the road to her car; that nothing prevented her from running or stepping quickly to her car nor did anything prevent her from moving to the other side of Green's car away from the roadway; there was nothing to prevent her from keeping a continuous lookout as she crossed the roadway but she failed to do so; she knew her car and defendant Green's car were blocking part of their respective lanes of travel; and that visibility was poor in that it was dark and foggy. Our Supreme Court in *Anderson v. Carter*, 272 N.C. 426, 431, 158 S.E.2d 607, 611 (1968), stated the following rule regarding pedestrians:

> Ordinary care surely requires a . . . man, under no disability, who observes that he is in the path of an automobile approaching . . . to do more for his own protection than merely walk at the same pace across the path of the automobile . . . ordinary care requires the man to jump or run from the path of danger, even though there may be some risk or loss of dignity in that process.

*Id.*

Plaintiff contends that she assumed that Mrs. Hamlett was going to stop and not collide with the automobile and that she assumed that Mrs. Hamlett was not going to cross over the center line of the highway and attempt to drive between the two automobiles. This Court has held that "the existence of contributory negligence does not depend on the injured party's subjective appreciation of the danger; rather the standard of ordinary care is an objective one—the care an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury." *William v. Odell*, 90 N.C. App. 699, 702, 370 S.E.2d 62, 64 (1988). Moreover, we need not discuss whether

any or all of the defendants were negligent in that, under the law of this state, if plaintiff's own negligence is one proximate cause of her own injury, she is precluded from recovery irrespective of the acts of others.

We conclude as did the trial court that "the record is replete with mostly uncontradicted evidence of plaintiff's own contributory negligence." Accordingly, we hold that plaintiff was contributorily negligent as a matter of law and the trial court did not err in directing a verdict in favor of defendant on that issue.

II.

[2] Next, the plaintiff assigns error to the trial court's grant of defendant's motion for directed verdict on grounds that plaintiff presented sufficient evidence of last clear chance to submit that issue to the jury, notwithstanding plaintiff's contributory negligence. We disagree.

In *Vancamp v. Burgner*, 328 N.C. 495, 402 S.E.2d 375, *reh'g denied*, 329 N.C. 277, 407 S.E.2d 854 (1991), our Supreme Court enumerated the elements that a plaintiff must establish to invoke the doctrine of last clear chance:

> When an injured pedestrian who has been guilty of contributory negligence invokes the last clear chance or discovered peril doctrine against the driver of a motor vehicle which struck and injured him, he must establish these four elements: (1) [t]hat the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) that the motorist knew, or by the exercise of reasonable care could have discovered, the pedestrian's perilous position and his incapacity to escape from it before the endangered pedestrian suffered injury at his hands; (3) that the motorist had the time and means to avoid injury to the endangered pedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's perilous position and his incapacity to escape from it; and (4) that the motorist negligently failed to use the available time and means to avoid injury to the endangered pedestrian, and for that reason struck and injured him. [Citing 26 cases as authority].

*Id.* at 498, 402 S.E.2d at 376-77 (quoting *Clodfelter v. Carroll*, 261 N.C. 630, 634-35, 135 S.E.2d 636, 638-39 (1964)).

The issue of last clear chance, "[m]ust be submitted to the jury if the evidence, when viewed in the light most favorable to the plaintiff, will support a reasonable inference of each essential element of the doctrine." *Kenan v. Bass*, 132 N.C. App. 30, 32-33, 511 S.E.2d 6, 7 (1999) (quoting *Trantham v. Sorrells*, 121 N.C. App. ·611, 468 S.E.2d 401, *disc. review denied*, 343 N.C. 311, 471 S.E.2d 82 (1996)).

Moreover, unless all the necessary elements of the doctrine of last clear chance are present, the case is governed by the ordinary rules of negligence and contributory negligence. *Clodfelter v. Carroll*, 261 N.C. at 634, 135 S.E.2d at 638. The doctrine contemplates a last "clear" chance, not a last "possible" chance, to avoid the injury; it must have been such as would have enabled a reasonably prudent man in like position to have acted effectively. *Grant v. Greene*, 11 N.C. App. 537, 541, 181 S.E.2d 770, 772 (1971); *accord, Battle v. Chavis*, 266 N.C. 778, 781, 147 S.E.2d 387, 390 (1966).

In situations where this doctrine applies, the focus is not on the preceding negligence of the defendant or the contributory negligence of the plaintiff which would ordinarily defeat recovery. *See generally, Clodfelter*, 261 N.C. 630, 135 S.E.2d 636 (1964) (citation omitted). Rather, the doctrine, as discussed above, "contemplates that if liability is to be imposed the defendant must have a last 'clear' chance to avoid injury. *Grant*, 11 N.C. App. at 541, 181 S.E.2d at 772.

The first element is satisfied by a showing that "plaintiff's contributory negligence ha[d] placed [her] in a position from which [she was] powerless to extricate [her]self." *Nealy v. Green*, 139 N.C. App. 500, 505, 534 S.E.2d 240, 243 (quoting *Williams v. Odell*, 90 N.C. App. 699, 704, 370 S.E.2d 62, 66, *disc. review denied*, 323 N.C. 370, 373 S.E.2d 557 (1988)).

In *Vancamp v. Burgner*, ·we noted that a pedestrian who is attempting to walk across a street, and is about to walk in front of an oncoming vehicle, is "obviously in peril before she steps directly in front of the car." 99 N.C. App. 102, 104, 392 S.E.2d 453, 455 (1990), *aff'd*, 328 N.C. 495, 402 S.E.2d 375 (1991). To invoke the doctrine of last clear chance such peril must be helpless or inadvertent. *Williams*, 90 N.C. App. at 704, 370 S.E.2d at 65 (1988). Helpless peril arises when a person's prior contributory negligence has placed her in a position from which she is powerless to extricate herself; while inadvertent peril focuses on failure to focus on one's surroundings

and discover her own peril. *Id.* The doctrine is, however, "inapplicable where the injured party is at all times in control of the danger and simply chooses to take the risk." *Id.*

In the case *sub judice*, plaintiff's evidence fails to establish that she was either in helpless or inadvertent peril. Quite to the contrary, in spite of her knowledge that defendants' vehicle was steadily approaching, plaintiff chose to ignore the dangers from which she had the power to extricate herself. When asked during the deposition if there was anything that prevented her from running or stepping quickly to her car, she responded, "No, other than I didn't think I needed to run to my car."

Moreover, while the defendants may have had the last *possible* chance to avoid the injury, defendant had neither the time nor the means to have the last *clear* chance to entitle the submission of the question to the jury. Plaintiff's evidence tended to show that the weather was foggy and dark; defendant had just round a curve before approaching the point of the accident and her vision would have been obstructed by the curve itself; plaintiff's vehicle and the vehicle driven by co-defendant Green were blocking portions of the roadway such that there was no place for another car to pull over; and the plaintiff's headlights were shining in the direction of defendants' approach. We find the doctrine of last clear chance inapplicable on the facts before us.

The trial court did not error in granting directed verdict in favor of the defendants in that plaintiff was contributorily negligent as a matter of law and further the doctrine of last clear chance was inapplicable on the facts of this case.

Affirmed.

Judges McGEE and TIMMONS-GOODSON concur.