McGEE, Judge.
 

 Allan R. Addison (plaintiff) filed a complaint on 25 October 2001 alleging that Renee Couch Kye (defendant) failed to keep a reasonable lookout, failed to keep her vehicle under proper control, attempted to turn without first seeing that a move could be made safely, failed to yield the right-of-way to plaintiff, and drove carelessly in willful and wanton disregard of the safety of others, which proximately resulted in a collision between the vehicle operated by plaintiff and the vehicle operated by defendant. Plaintiff alleged that, as a result of the collision, he sustained damages including personal injury, medical expenses, loss of earning capacity, and temporary loss of enjoyment of life. Defendant filed an answer on 13 December 2001 alleging plaintiff was contributorily negligent in failing to keep a proper lookout, in failing to decrease his speed, and in failing to yield right-of-way. Plaintiff filed a reply on 18 March 2003 alleging that defendant had the last clear chance to avoid the collision. At trial, the jury found defendant negligent and plaintiff contributorily negligent. Based on that verdict, the trial court entered judgment against plaintiff, ordering that plaintiff have and recover nothing from defendant, and that the action be dismissed with prejudice. Plaintiff appeals.
 

 Plaintiff's evidence tended to show that on 19 January 2001, at approximately 6:20 p.m., plaintiff was driving east and defendant was driving west on Old Chapel Hill Road in Durham County, North Carolina. Plaintiff's North Carolina driver's license contained a restriction which required him to wear corrective lenses when driving; however, at this time plaintiff was not wearing corrective lenses. As defendant approached the entrance to the Five Oaks apartment complex (Five Oaks), off Old Chapel Hill Road, she slowed down in order to make a left turn into Five Oaks. Defendant engaged her left turn signal, and plaintiff was able to see both defendant's vehicle and her left turn signal as he approached. Defendant's vehicle came to a stop, prepared to make a left turn, "crawled" forward "a bit," and stopped again. As plaintiff was passing the entrance to Five Oaks, defendant accelerated and began to turn left into Five Oaks. Defendant's vehicle collided with plaintiff's vehicle, resulting in injuries. Plaintiff argues that the trial court erred in denying his request for a jury instruction on the doctrine of last clear chance. We have held the following regarding the application of the last clear chance doctrine: "The issue of last clear chance, `must be submitted to the jury [only] if the evidence, when viewed in the light most favorable to the plaintiff, will support a reasonable inference of each essential element of the doctrine."
 
 Culler v. Hamlett,
 

 148 N.C. App. 372
 
 , 379,
 
 559 S.E.2d 195
 
 , 200 (2002) (quoting
 
 Kenan v. Bass,
 

 132 N.C. App. 30
 
 , 32-33,
 
 511 S.E.2d 6
 
 , 7 (1999)). The elements of last clear chance are as follows:
 

 1) The plaintiff, by [plaintiff's] own negligence put [plaintiff] into a position of helpless peril;
 

 2) Defendant discovered, or should have discovered, the position of the plaintiff;
 

 3) Defendant had the time and ability to avoid the injury;
 

 4) Defendant negligently failed to do so; and
 

 5) Plaintiff was injured as a result of the defendant's failure to avoid the injury.
 

 Trantham v. Estate of Sorrells,
 

 121 N.C. App. 611
 
 , 613,
 
 468 S.E.2d 401
 
 , 402,
 
 disc. review denied,
 

 343 N.C. 311
 
 ,
 
 471 S.E.2d 82
 
 (1996). Plaintiff contends that all five elements were satisfied in this case. We disagree for the reasons stated below.
 

 With regard to the first element, we conclude that plaintiff did place himself in a position of helpless peril by virtue of his own negligence. It has been recognized that the doctrine of last clear chance is applicable only when "the plaintiff has negligently placed himself in a position of peril from which he cannot, at thetime of the accident, extricate himself . . . [or] if at the time of the accident he is incapable of averting harm by the exercise of reasonable care." Restatement (Second) of Torts § 479, Comment on Clause (a) (1965).
 

 In the case before us, plaintiff failed to exercise reasonable care by failing to slow down, failing to wear corrective lenses, and failing to pay attention. After placing himself in a perilous position, plaintiff could have driven more carefully, observed the posted speed limit, worn his glasses and paid attention. However, despite these measures, plaintiff could still have found himself helpless at the moment he passed defendant, who very quickly accelerated into a left turn and collided with plaintiff. Thus, although plaintiff contributed to his peril by his own negligence, he was helpless in his peril, and could not have escaped the situation even by the utmost exercise of reasonable care. Therefore, plaintiff satisfied the first element of the last clear chance doctrine.
 

 With regard to the second element, the evidence presented at trial supports a reasonable inference that even if defendant did not discover plaintiff's peril, she should have discovered it since defendant "`owe[d] plaintiff a duty to maintain a proper lookout whereby, through "the exercise of reasonable care, [defendant] could have discovered plaintiff's perilous position."'"
 
 Womack v. Stephens,
 

 144 N.C. App. 57
 
 , 66,
 
 550 S.E.2d 18
 
 , 24 (citations omitted),
 
 disc. review denied,
 

 354 N.C. 229
 
 ,
 
 555 S.E.2d 27
 
 (2001). Thus, the second element of last clear chance is also satisfied. However, there is no evidence to support a finding as to the third element of last clear chance - "time and ability to avoid the injury." The doctrine of last clear chance contemplates a last "clear" chance rather than a last "possible" chance to avoid injury.
 
 Culler,
 

 148 N.C. App. at 379
 
 ,
 
 559 S.E.2d at 200
 
 . Plaintiff contends that defendant, by exercising reasonable care, should have discovered plaintiff's helplessness under the circumstances. We agree that defendant, having a duty of proper lookout, should have discovered plaintiff's peril, and the existence of such duty in this instance satisfies the requirements of the second element of last clear chance. Nonetheless, the duty of proper lookout, and its breach by defendant, has no bearing on defendant's time and ability to avoid the injury. Rather, it is well established that to satisfy the third element of last clear chance "there must be an appreciable interval of time between the plaintiff's negligence and his injury during which the defendant, by the exercise of ordinary care, could or should have avoided the effect of plaintiff's prior negligence."
 
 Bass,
 
 149 N.C. App. at 158, 560 S.E.2d at 846 (based on the defendant's testimony that he "couldn't see [the plaintiff's car] until it was too late[,]" the trial court held that the defendant did not have the time and means to avoid the accident);
 
 Culler,
 

 148 N.C. App. at 380
 
 ,
 
 559 S.E.2d at 201
 
 (holding that where the defendant did not see the car until the moment of the accident, and where there was no place to pull over, the defendant, notwithstanding his negligence, had no time and means to avoid the accident);
 
 Watson v. White,
 

 309 N.C. 498
 
 , 506,
 
 308 S.E.2d 268
 
 , 273 (1983) (holding that while the interval of 1.28 seconds may have been sufficient for a last
 
 possible
 
 chance to avoid an injury, such interval did not amount to a last
 
 clear
 
 chance);
 
 Clodfelter v. Carroll,
 

 261 N.C. 630
 
 , 635,
 
 135 S.E.2d 636
 
 , 639 (1964) (holding that last clear chance contemplates a chance that would enable a reasonably prudent man in similar circumstances to have acted effectively).
 

 In the case before us, plaintiff did not present evidence supporting the existence of an interval between plaintiff's negligence and defendant's negligence. Thus, plaintiff failed to prove that, notwithstanding defendant's negligence, defendant had an actual clear chance to avoid a collision with plaintiff. In fact, there was evidence to the contrary. At trial, testimony was presented that when "[defendant] started to make the turn," plaintiff "was right there." Although defendant may have had the last
 
 possible
 
 chance to avoid the collision, she did not have, as a matter of law, the last
 
 clear
 
 chance.
 
 Watson,
 

 309 N.C. at 506
 
 ,
 
 308 S.E.2d at 273
 
 . Thus, the third element of the last clear chance doctrine is not satisfied.
 

 We note that the record supports reasonable inferences that defendant was negligent in failing to avoid the collision and that plaintiff was injured as a result of defendant's actions. These inferences would satisfy the fourth and fifth elements of the last clear chance doctrine. However, the third element was not satisfied for the foregoing reasons and it is essential to the applicability of the last clear chance doctrine that each of thefive elements be satisfied. Because plaintiff failed to prove the third element, the trial court did not err in denying plaintiff's request for an instruction on the doctrine of last clear chance.
 

 No error.
 

 Judges TIMMONS-GOODSON and TYSON concur.
 

 Report per Rule 30(e).