TIMMONS-GOODSON, Judge.
Ellison Pearce ("plaintiff") appeals the trial court's entry of directed verdict in a negligence action in favor of Robert T. Rosenblum ("Rosenblum") and John G. Dermas ("Dermas") (collectively, "defendants"). For the reasons stated herein, we affirm the trial court's judgment.
The evidence presented at trial tends to show the following: At approximately 6:00 p.m. on 14 October 2001, plaintiff parked his car in a lot on the southbound side of the Blue Ridge Parkway in Buncombe County, North Carolina. Plaintiff walked across to the northbound side of the parkway to take pictures at the BeaverdamGap Overlook. As plaintiff returned to his car, he stopped before crossing the parkway to look both ways for oncoming traffic. Seeing no traffic, plaintiff crossed to the center line where he stopped again to look for traffic in the southbound lane. At that point, plaintiff saw three cars approaching. Plaintiff ran across the southbound lane in front of the approaching traffic, and as he crossed the road, his trailing left leg was hit by a car driven by Rosenblum. The owner of the car, Dermas, was following Rosenblum in a second vehicle. The impact caused plaintiff to suffer a broken leg.
Plaintiff filed the underlying complaint against defendants for negligent operation of a motor vehicle. Defendants answered the complaint, citing a defense of contributory negligence. In plaintiff's reply to defendants' answer, plaintiff alleged that Rosenblum had the last clear chance to avoid the accident.
The case was tried before a jury on 30 September and 1 October 2003. At the close of plaintiff's evidence, defendants made a motion for directed verdict. The trial court denied the motion for directed verdict with respect to the issues of negligence and contributory negligence, but granted the motion for directed verdict on the issue of last clear chance. Defendants did not present any evidence, and the case was submitted to the jury. The jury found defendants guilty of negligence and found plaintiff guilty of contributory negligence. Plaintiff appeals the trial court's directed verdict on the issue of last clear chance.
As an initial matter, we note that plaintiff's brief contains arguments supporting only one of the original four assignments of error on appeal. The omitted assignments of error are deemed abandoned pursuant to N.C.R. App. P. 28(b)(6) (2004). We therefore limit our review to the assignment of error addressed in plaintiff's brief.
The sole issue raised on appeal is whether the trial court erred by granting defendants' motion for directed verdict on the issue of last clear chance. We conclude that the trial court did not err.
"A directed verdict should be granted in favor of the moving party only where the evidence so clearly establishes that fact in issue that no reasonable inferences to the contrary can be drawn, and if the credibility of the movant's evidence is manifest as a matter of law." Culler v. Hamlett, 148 N.C. App. 372, 374, 559 S.E.2d 195, 198 (2002) (citations and quotations omitted).
A pedestrian who has negligently contributed to his injury can assert the last clear chance doctrine against the driver of a motor vehicle only where the pedestrian establishes the following elements:
(1) [t]hat the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) that the motorist knew, or by the exercise of reasonable care could have discovered, the pedestrian's perilous position and his incapacity to escape from it before the endangered pedestrian suffered injury at his hands; (3) that the motorist had the time and means to avoid injury to the endangeredpedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's perilous position and his incapacity to escape from it; and (4) that the motorist negligently failed to use the available time and means to avoid injury to the endangered pedestrian, and for that reason struck and injured him.
Culler, 148 N.C. App. at 378, 559 S.E.2d at 200 (citations omitted).
[A] pedestrian who is attempting to walk across a street, and is about to walk in front of an oncoming vehicle, is obviously in peril before she steps directly in front of the car. To invoke the doctrine of last clear chance such peril must be helpless or inadvertent. Helpless peril arises when a person's prior contributory negligence has placed her in a position from which she is powerless to extricate herself; while inadvertent peril focuses on failure to focus on one's surroundings and discover her own peril. The doctrine is, however, inapplicable where the injured party is at all times in control of the danger and simply chooses to take the risk.
148 N.C. App. at 379-80, 559 S.E.2d at 201 (citations and quotations omitted) (emphasis added). "[U]nless all the necessary elements of the doctrine of last clear chance are present, the case is governed by the ordinary rules of negligence and contributory negligence." Id. at 379, 559 S.E.2d at 200.
In the present case, plaintiff's evidence does not satisfy the first element of the doctrine of last clear chance. The evidence fails to establish that plaintiff was in helpless or inadvertent peril at the time of the accident. Plaintiff testified about the incident as follows:
COURT: When you saw this car, what did you do? What did you think? What was your reaction?
WITNESS: My mind said, "You're not going to make it. Run."
Q: Why did you think you were not going to make it?
A: From the look of the cars, how fast they were going.
Q: And what did you do when you told yourself you were not going to make it?
A: I ran.
Q: And tell the jury what happened after that.
A: Well, I was running and I heard a hit and my mind said, "You didn't make it." And then I remember falling forward, and then I was laying there and lifted up my leg and saw it was broke[n]. My wife came running up about that time, and I told her my leg was broken but not to worry, that I was okay.
Plaintiff further testified on cross-examination that he did not take the time to observe whether there was traffic approaching in the northbound lane:
Q: At no time was there any traffic in the northbound lane, was there?
A: Not to my knowledge because I didn't look back to the left, either.
. . . .
Q: If you'd stayed in that northbound lane the car wouldn't have hit you?
A: Yes, sir.
Q: The car never got out of the southbound lane, did it?
A: To the best of my knowledge.
Plaintiff was not in helpless peril because he was not in a position from which he was powerless to extricate himself. Plaintiff could have checked the northbound lane for traffic, and, if there was no traffic, he could have retreated into the northbound lane in order to avoid being struck by the car that Rosenblum was driving. Plaintiff was not in inadvertent peril because he was fully aware of his surroundings and discovered his own peril. We conclude that plaintiff was at all times in control of the danger and simply chose to take the risk of running in front of the car that Rosenblum was driving. Thus, we affirm the trial court's entry of directed verdict on the issue of last clear chance.
AFFIRMED.
Judges TYSON and GEER concur.
Report per Rule 30(e).